Thaddeus Gabara (pro se)
Owner and co-inventor of 'Patents-in-Suit'
P.O. Box 512
New Providence, NJ 07974
Email: thadgabara@gmail.com
Telephone: (908) 821-6590

THADDEUS GABARA – PRO SE

**Complaint – Second Amended– 2-14-2020**

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THADDEUS GABARA,<br><br>Plaintiff,<br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No:**19-CV-09890-DLC-JLC**<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff THADDEUS GABARA ("Gabara" or "Plaintiff") sent correspondence to Mr. Mark Zuckerberg (Chairman and CEO of Facebook) that arrived via USPS at the Headquarters of Facebook, INC., on October 11, 2019 at 10:31AM containing an offer that may have averted the present situation. However, Gabara failed to receive any type of reply or correspondence by the deadline. The Plaintiff, using his 'pro se' rights, hereby brings this action for patent infringement against Defendant FACEBOOK, INC. ("Facebook" or "Defendant"). Gabara alleges the Defendant of infringing the following five validly issued patents ("Patents-in-Suit"): 1) U.S. Patent No. 8,930,131, titled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map;" 2) U.S. Patent No. 8,620,545, titled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map;"3) U.S. Patent No. 8,836,698, titled "Method and Apparatus for Identifying a 3-D Object from A 2-D Display of a Portable Unit;"4) U.S. Patent No. 8,706,400, titled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map,"5) U.S. Patent No. 9,299,348, titled "Method and Apparatus for Obtaining Information from the Web."A Table of Contents is provided as the last sheet of this document. The Defendant infringes as follows:

**PARTIES**

1. Plaintiff maintains his principal place of residence in the city of Murray Hill, NJ 07974with a mailing address of: Thaddeus Gabara, P.O. Box 512, New Providence, NJ 07974.

2. Defendant Facebook, Inc. is a Delaware corporation with a principal place of business at 1 Hacker Way, Menlo Park, California 94025. Facebook has an established brick and mortar business at 770 Broadway, Floor 8, New York, New York 10003.

3. Facebook also has a presence in the virtual world and owns and operates the websites identified as'www.facebook.com' and 'facebook360.fb.com.'[1]On information and

[1] The leading text segment 'https://' may be suppressed in this document to simplify reciting the full web addresses.

belief, Facebook requires users to register before the user is able to access any of the 'platforms' (offerings, products, social information, website services, etc.) available in Facebook's virtual world. There are over 2.4 billion active Facebook users worldwide.

4. Facebook also has a Facebook page in the virtual world identified as 'facebook.com/Facebook360.' On information and belief, these website and Facebook pages market, offer, and distribute its 'platforms' to Facebook users. On information and belief, one example of these 'platforms' that Defendant's website and Facebook page markets, offers, and distributes is identified as '*Facebook 360.*'

**Figure 1. Logo of *Facebook 360.***

5. Facebook released *Facebook 360*on March 8, 2017.The logo for *Facebook 360* is shown in **Figure 1**. On Defendant's website page[2], Defendant announces that '*Facebook 360*' is "A stunning and captivating way for publishers and content creators to share immersive stories, places and experiences with their fans."On information and belief, when the Facebook user of the portable unit is logged into Facebook, *Facebook 360* is available and accessible to the portable unit if a *Facebook 360* icon (see **Figure 2**) becomes visible.

**Figure 2. *Facebook 360* icon.**




**Figure 3A. Rapid growth of *Facebook 360* likes.**

6. **Figure 3A** illustrates the number of Facebook 'likes' that the *Facebook 360*Facebook page located at 'facebook.com/Facebook360' received during the past year. If the 50% growth of likes can be correlated to the growth of total

[2]http://facebook360.fb.com Click on this hyperlink to view. Clicking on this and all other hyperlinks may take up to 6-10 seconds before the contents are displayed on your browser.

member usage, *Facebook 360*'s future appears strong. **Table 1** presents the data of Facebook 'likes' extracted using the website called The WayBack Machine[3] (for the first three data points). The fourth data point was read from the live *Facebook 360*page.

| ***Facebook 360* 'likes'** | |
|---|---|
| Date | # of likes |
| Nov. 20, 2018 | 1,592,493 |
| Apr. 16, 2019 | 2,036,936 |
| Sept. 25, 2019 | 2,366,422 |
| Oct. 19, 2019 | 2,406,106 |
| Extracted from: The Wayback Machine | |

**Table 1. Wayback Machine Data.**

7. Facebook also rolled out another 'platform' called'*3D Photos*' on October 11, 2018 which they state "bring scenes to life with depth and movement" on a portable unit.[4] Facebook provides and their users use the *3D photos* icon as illustrated in **Figure 3B** to gain access to*3D photos*.



**Figure 3B. *3D photos* icon.**

8. Facebook also has a Facebook page in the virtual world identified as 'workplace.com'. On information and belief, this Facebook website markets, offers, and distributes its 'platforms' to Facebook users. On information and belief, one example of these 'platforms' that Defendant's website and Facebook page markets, offers, and distributes is identified as '*Workplace by Facebook.'*

**Figure 4A. Facebook's logo for *Workplace by Facebook*.**

9. Facebook introduced '*Workplace by Facebook*[5]'on October 10, 2016, formally known as 'Facebook at Work,' its logo is illustrated in **Figure 4A**. In their opening line of this posted announcement, Facebook states "Connect everyone in your organization. Empower and transform your whole business, with features like groups, chat and video calls."

10. *Workplace by Facebook* supports the 'tools' of Instant Messaging, Lead

[3]http://web.archive.org/ After clicking and once browser opens, copy and paste the following URL: https://www.facebook.com/Facebook360----- into the 'Enter a URL' entry slot. Hit return to view the archived Facebook 'Workplace by Facebook' page content.
[4]This is the equivalent link to the one Facebook used earlier: https://facebook360.fb.com/blog Then click on blog entitled "3D Photos Now Rolling out on Facebook and in VR," statement found at end of first paragraph.
[5]https://www.workplace.com

generation in Messenger, Auto-Translate, Collaboration Spaces, Org Chart, News Feed, Live Video, Video Conferencing and Integrations[6].

11. *Workplace by Facebook* also supports and uses a virtual world[7] called '*wit.ai*'; the logo is illustrated in **Figure 4B**. On information and believe '*wit.ai, Inc.*' is a Facebook-owned company that is building an Artificial Intelligence (AI) platform to create apps that understand human language[8]. On their home page, *wit.ai* presents the following statement when the mouse is placed over the 'Bots' image, "Easily create text or voice based **bots** that humans can chat with on their preferred messaging platform."On information and belief, Facebook uses **bots** in *Workplace by Facebook*. A *wit.ai* icon of a **bot** is illustrated in **Figure 4C**.

**Figure 4B.The *wit.ai* logo.**



**Figure 4C. Icon of the *wit.ai* bot.**

12. On information and belief, Facebook cites several companies that use *Workplace by Facebook* to take care of business. These include PricewaterhouseCoopers, Okta, Inc., Box, Inc.[9], Walmart, Air Asia, Booking.com, Campbell's, Heineken, Spotify, Domino's, Starbucks, Algar Telecom, and 30,000 more global organizations[10].

## NATURE OF THE ACTION

13. This is an action for infringement of United States Patent No.8,930,131 ("the '131 patent"), of United States Patent No.8,620,545 ("the '545 patent"), of United States Patent No.8,836,698 ("the '698 patent"), of United States Patent No. 8,706,400 (the '400 Patent), and of United States Patent No. 9,299,348 (the '348 Patent)under the Patent Act, 35 U.S.C. § 271, et

[6]This is the equivalent link to the one Facebook used earlier: https://www.workplace.com/workplaceThen scroll down to section "More than just messaging," note the "Discover *Instant Messaging*" button to describe one tool **Instant Messaging**, in the next section, find the button "Discover *Auto-Translate*," the next section, find the button "Discover *Collaboration Spaces*," etc., to locate all tools.
[7]https://wit.ai/ Mouse over icons to reveal more details.
[8]https://wit.ai/jobsSee … helps 200,000+ developers …
[9]https://www.facebook.com/workplace/partners
[10]This is the equivalent link to the one Facebook used earlier: https://www.workplace.com/partnersThen scroll down to near bottom of page to section "Taking care of business".

seq., based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of infringing products and services in the United States. This is a patent infringement action to stop Defendant's infringement of the '131 patent entitled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map," the '545 patent entitled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map," the '698 patent entitled "Method and Apparatus for Identifying a 3-D Object from a 2-D Display of a Portable Unit," the '400 patent entitled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map," and the '348 patent entitled "Method and Apparatus for Obtaining Information from the Web."Gabara seeks monetary damages and injunctive relief.

## JURISDICTION

14. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

15. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has original jurisdiction over Defendant because Defendant has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

17. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement within the State of New York and has an established brick and mortar business located in New York City in Lower Manhattan, where Lower Manhattan is a part of this District. In addition, Gabara has suffered harm in this District.

## ASSIGNMENT AND RECORDING

18. On October 25, 2019, Helen Gabara, President of TrackThings LLC, assigned the following United States Patent Nos. 8,930,131; 8,620,545; 8,836,698; 8,706,400; and 8,532,919 (the "First Patent List") from TrackThings LLC to Thaddeus Gabara, the Plaintiff.

19. The assignment of the "First Patent List" to the Plaintiff was recorded in the United States Patent and Trademark Office (USPTO) on October 25, 2019.

20. On November 9, 2019, Helen Gabara, President of TrackThings LLC, assigned the United States Application No. 13/013,886 and the United States Application No. 14/332,427, which later issued as United States Patent No. 9,299,348 from TrackThings LLC (the "Second Patent List") to Thaddeus Gabara, the Plaintiff.

21. The assignment of the "Second Patent List" to the Plaintiff was recorded in the USPTO on November 9, 2019.

22. The "Patents-in Suit" comprises United States Patent Nos. 8,930,131; 8,620,545; 8,836,698; 8,706,400; and 9,299,348.

## PATENTS-IN-SUIT

23. On January 6, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,930,131 ("the '131 Patent" or "one of the Patents-in-Suit"), entitled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map."A true and correct copy of the '131 Patent is attached as **Exhibit 1** and incorporated herein by reference.

24. The current application No. 14/257,349, now Pat. No. 8,930,131 ("the '131

Patent"), filed on Apr. 14, 2014, which is a continuation of application No. 14/097,386, filed on Dec. 5, 2013, now Pat. No. 8,706,400, which is a continuation of application No. 13/967,299, filed on Aug. 14, 2013, now Pat. No. 8,620,545, which is a continuation of application No. 13/337,251, filed on Dec. 26, 2011, now Pat. No. 8,532,919.The'131 Patent claims the benefit of U.S. Patent Application No. 13/337,251 filed Dec. 26, 2011.

25. Gabara is the assignee of all rights, titles and interests in United States Patent No. 8,930,131 ("the '131 Patent") and all of its parent applications to and including United States Patent Application No. 13/337, 251 filed with a priority date of December 26, 2011.

26. The '131 Patent is valid and enforceable under United States Patent Laws.

27. On December 31, 2013, the USPTO duly and legally issued United States Patent No. 8,620,545 ("the '545 Patent"), entitled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map." A true and correct copy of the '545 Patent is attached as **Exhibit 2** and incorporated herein by reference.

28. The current application No. 13/967,299, now Pat. No. 8,620,545("the '545 Patent"), filed on Aug. 14, 2013, which is a continuation of application No. 13/337,251, filed on Dec. 26, 2011, now Pat. No. 8,532,919.The'545 Patent claims the benefit of U.S. Patent Application No. 13/337,251 filed Dec. 26, 2011.

29. Gabara is the assignee of all rights, titles and interests in United States Patent No. 8,620,545 ("the '545 Patent") and all of its parent applications to and including United States Patent Application No. 13/337, 251 filed with a priority date of December 26, 2011.

30. The '545 Patent is valid and enforceable under United States Patent Laws.

31. On September 16, 2014, the USPTO duly and legally issued United States Patent No. 8,836,698 ("the '698 Patent"), entitled "Method and Apparatus for Identifying a 3-D Object

from A 2-D Display of a Portable Unit."A true and correct copy of the '545 Patent is attached as **Exhibit 3** and incorporated herein by reference.

32. The current application No. 13/337,253, now Pat. No. 8,836,698("the '698 Patent"), filed on Dec. 26, 2011.The'698 Patent claims the benefit of U.S. Patent Application No. 13/337,251 filed Dec. 26, 2011.

33. Gabara is the assignee of all rights, titles and interests in United States Patent No. 8,836,698 ("the '698 Patent"), its original United States Patent Application No. 13/337, 251 filed with a priority date of December 26, 2011.

34. The '698 Patent is valid and enforceable under United States Patent Laws.

35. On April 22, 2014, the USPTO duly and legally issued United States Patent No. 8,706,400 ("the '400 Patent"), entitled "Method and Apparatus of Physically Moving a Portable Unit to View an Image of a Stationary Map."A true and correct copy of the '400 Patent is attached as **Exhibit 4** and incorporated herein by reference.

36. The current application No. 14/097,386, now Pat. No. 8, 706,400 ("the '400 Patent"), filed on Dec. 5, 2013 which is a continuation of application No. 13/967,299, filed on Aug. 14, 2013, now Pat. No. 8,620,545, which is a continuation of application No. 13/337,251, filed on Dec. 26, 2011, now Pat. No. 8,532,919.The'400 Patent claims the benefit of U.S. Patent Application No. 13/337,251 filed Dec. 26, 2011.

37. Gabara is the assignee of all rights, titles and interests in United States Patent No. 8,706,400 ("the '400 Patent"), its original United States Patent Application No. 13/337, 251 filed with a priority date of December 26, 2011.

38. The '400 Patent is valid and enforceable under United States Patent Laws.

39. Gabara is the assignee of all rights, titles and interests in United States Patent No. 8,532,919, its original United States Patent Application No. 13/337, 251 filed with a priority date of December 26, 2011. The ‘919 Patent establishes a proper parentage to the priority date for the ‘131 Patent, the ‘545 Patent, and the ‘400 Patent of the Patents-in-Suit.

40. Gabara is the assignee of all rights, titles and interests in United States Patent No. 8,532,919, its original United States Patent Application No. 13/337, 251 filed with a priority date of December 26, 2011.

41. The United States Patent No. 8,532,919 is valid and enforceable under United States Patent Laws.

42. Prior to the inventions disclosed in the ‘545, ‘400, ‘131, and ‘698 patents (the “Image Patents”), portable devices were limited in their capability to display images that are larger than the screen of the device. Traditionally, these images had to be scrolled or zoomed multiple times to reveal new portions of that image. For example, on a map, repeatedly scrolling and zooming is unintuitive for the user, who can lose bearing in trying to locate an item outside the size of the viewing window while attempting to judge her current distance from that item. Similarly, in viewing a picture larger than the size of the screen, zooming out inevitably reduces the level of detail apparent in the picture, and scrolling across different portions of the image at the same zoom level is cumbersome and inefficient. *See, e.g.*, ‘545 patent at 1:41-53. Additionally, prior art portable devices could only display flat, isometric images of three-dimensional objects and settings, leading a user to be unable to judge relative depth and distance of whatever is in such an image.

43. The inventions claimed in the Image Patents address these needs. These inventions allow a wide variety of portable devices to reveal parts of images stored on the device by movement along a vector in one or more dimensions, which adds depth and

perspective to an image that otherwise appears flat. These improvements include the ability to dynamically adjust the viewing angle and depth of the image shown when the portable device is moved. The inventions of the Image Patents use physical motion to allow better understanding of, for example, the distance of features in the image, and provide further information about the content of an image. See id. at 2:31-38, 3:27-32, 14:4-11.

44. Notably, the Image Patents take advantage of existing hardware that is commonplace in mobile devices, such as accelerometers and gyroscopes. Id. at 1:25-32, 15:25-62. This allows the inventive mode of viewing images to be used without the need for specialized equipment that is expensive to make, requires user training, or is restricted to certain settings such as on a stand-alone device in a workshop. The Image Patents specifically improve the functioning of portable devices through an inventive way to view and experience visual content that was not available in the prior art

45. On March 29, 2016, the USPTO duly and legally issued United States Patent No. 9,299,348 ("the '348 Patent"), entitled "Method and Apparatus for Obtaining Information from the Web."A true and correct copy of the '348 Patent is attached as **Exhibit 5** and incorporated herein by reference.

46. The current application No. 14/332,427, now Pat. No. 9,299,348("the '348 Patent"), filed on Jul. 16, 2014, which is a continuation of application No. 13/013,886, filed on Jan. 26, 2011. The '348 Patent claims the benefit of the priority date of the U.S. Patent Application 13/013,886 filed Jan. 26, 2011.

47. Gabara is the assignee of all rights, titles and interests in United States Patent No. 9,299,348, its original United States Patent Application No. 14/332, 427 filed with a priority date of January 26, 2011.

48. The '348 Patent is valid and enforceable under United States Patent Laws.

49. Prior to the inventions disclosed in the '348 Patent, prior art systems used natural language processing to analyze conversations for keywords or parameters for some given purpose. Prior art systems taught use of language processing to, for example, analyze a conversation for certain parameters (e.g. volume, pauses), to look up information based on keywords from a conversation, or to recognize voice commands that tell the system to perform a particular function. However, the prior art is typified by natural language processing systems that are restricted to passive or reactive modes of operation. In other words, the prior art systems merely gather data in the background or output a result in response to a specific command. As a result, these systems are unable to proactively aid in continuing or improving a conversation.

50. The invention claimed in the '348 patent provides natural language processing systems and methods that actively and dynamically contribute to a conversation by filling in these gaps. The invention does so by extracting key information from the ongoing discussion and generating additional topics to continue it. These topics are generated by a finite state machine that sequences through search results obtained by searching keywords from the conversation on a search engine. The finite state machine switches states depending on the status of the conversation—i.e. whether or not the users are currently communicating. As a result the invention of the '348 patent improves on the existing functions of computers by allowing for a dynamic, responsive system that actively contributes new information and topics of interest to users during an ongoing conversation. See, e.g., '348 patent, 16:27-61.

51. During the prosecution of the '348 Patent, the Patent Examiner stated in an Office Action Summary correspondence, dated August 10, 2015, regarding Application No. 14/332,427, (the '348 Patent) that "all claims, claims 1-22, are directed to processing a conversation, which is not an abstract idea." The Examiner's decision, in 2015, was made over one year after 'Alice' was decided by the Supreme Court in 2014.

52. Gabara is the assignee of all rights, titles and interests in United States Patent

Application No. 13/013,886 filed with a priority date of January 26, 2011. The United States Patent Application No. 13/013,886 establishes a proper parentage to the priority date for the '348 Patent within the Patents-in-Suit.

53. I attach Exhibit 12, said Exhibit comprising a Provisional Patent Application No. 62/976,318, which was filed on February 13, 2020, that I incorporate by reference, in its entirety. The Provisional presents a flowchart that starts from the birth of my invention to a Court decision, where the Court decision is being made against my claims in my "Patents-in-Suit" regarding invalidity by the 'Alice Test[11].' I investigate the possibility of what would occur after the decision has been cast, in support for validity, and then I do the investigation again, for a decision in support for invalidity. The events, after a decision of validity, present the creation of several inventions. These inventions were leveraged by my discovery, of one of the new 'Uses of the Invention,' found in one of the inventions in the "Patents-in-Suit." Three or four new inventions are derived, in a sequential and interrelated way, from my discovery of said one of the 'Uses of the Invention.' Each new invention builds on the previous invention, all to aid the vision impaired community. The World Health Organization estimates that in 2012 there were 285 million visually impaired people in the world, of which 246 million had low vision and 39 million were blind[12]. The last discovered invention, in said sequence, offers an approach, that may hopefully, offers a possibility of seeing or perceiving images, to those completely blind. In contrast, the events, after a decision of invalidity, present the filtering effect that invalidity imposes on inventions which could have offered great potentials; the label of invalidity makes the patent inferior, disappearing from an inventor's horizon, never being able to offer its potential wonders to benefit the progress of Science and the useful Arts. These potential wonders may be lost forever; imagination should never be invalidated.

[11] Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 573 U.S. 208 (2014)
[12] https://en.wikipedia.org/wiki/Visual_impairment#cite_note-GBD2015Pre-5

54. Gabara holds all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit.

55. Accordingly, Gabara, a common inventor of the ‘131 Patent, the ‘545 Patent, the ‘698 Patent, the ‘400 Patent, and the ‘348 Patent is exercising his ‘pro se’ litigant rights and possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

56. The priority date of the ‘400 Patent, the ‘545 Patent, the ‘698 Patent, and the ‘400 Patent of the Patents-in-Suit is Dec. 26, 2011.

57. The priority date of the ‘348 Patent of the Patents-in-Suit is Jan. 26, 2011.

58. The Patents-in-Suit comprises the following patents: the ‘131 Patent; the ‘545 Patent; the ‘698 Patent; the ‘400 Patent; and the ‘348 Patent.

## PREVIOUS ATTEMPTS TO CONTACT FACEBOOK

59. Plaintiff has attempted more than once to resolve this dispute without resorting to litigation.

60. Defendant’s use of Gabara’s invention and infringement of the Patents-in-Suit is occurring at Gabara’s expense.

61. Gabara first reached out to Defendant’s CEO Mark Zuckerberg in November 2017 regarding the sale of a patent portfolio with nine patents. Four of those nine patents are included in the present Patents-in-Suit. Plaintiff received no response from Facebook after initiating this first attempt of contact and sale, about two years ago.

62. Gabara secondly reached out to Defendant’s CEO Mark Zuckerberg in August 2018 once again regarding the sale of the patent portfolio that included four of the patents in the

Patents-in-Suit. Plaintiff received no response from Facebook after initiating this second attempt of contact and sale, about one year ago.

63. Gabara thirdly reached out to Defendant's CEO Mark Zuckerberg on October 11, 2019 – regarding the sale of the patent portfolio comprising the nine patents, four which are included in the Patents-in-Suit. This third correspondence also included a similar copy of **Exhibit 6** which is the'131 Patent's mapping to *Facebook 360*. Plaintiff failed to receive any response from Facebook within the specified deadline. After the deadline had expired, the Plaintiff filed the original Complaint in the United States District Court of the Southern District of New York on Oct. 25, 2019.This amended Complaint is being filed today.

64. Gabara seeks to redress for the harm caused by Defendant's unlawful use of Gabara's intellectual property (IP).

## COUNT 1: '*FACEBOOK 360*' INFRINGEMENT OF THE'131 PATENT IN THE PATENTS-IN-SUIT

65. Gabara re-alleges and incorporates by reference the allegations of the paragraphs 1-64 of this Complaint as though fully set forth herein.

66. **Direct Infringement**. Defendant knowingly and actively aided and abetted the direct infringement of one or more claims of the '131 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, that infringe at least exemplary **claims 1-21** of the '131 Patent (the " '131 Patent Claims") literally or by the doctrine of equivalence. *Facebook 360* when used on portable units directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the District of Southern New York, and otherwise purposefully directs infringing activities to this District in connection with its products and

services.

67. On information and belief, numerous other services that Facebook offers, such as, Instagram, WhatsApp, News Feed, Facebook Live, Video, Instant Articles, Branded Content, Messenger, Today in Availability, Pages, Audience Network, Ad Breaks, and Ads on Facebook, also infringe the claims of the '131 Patent and have been made, used, sold, imported, and offered for sale by Defendant and/or its users when used with *Facebook 360*.

68. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '131 Patent. On information and belief, Defendant has also continued to distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '131 Patent. Thus, on information and belief, Defendant is directly infringing, contributing to and/or inducing the infringement of the '131 Patent.

69. Defendant infringes **claim 8** of the '131 patent, as presented below. Facebook has posted a repeating video that the Plaintiff has used to demonstrate the infringement of Plaintiff's Patents-in-Suit. One of the starting frames of the posted video is illustrated in **Figure 5**. This video continuously repeats at the top of the webpage.[13]




**Figure 5. The opening of the *Facebook 360* Photos 'video' comprising frames 135 and 149 starts with this view.**

70. In the following description, the claim elements are recited in italics, while the

---

13This video was initially posted by Facebook on the top of one of their Facebook 360 website pages, but that has changed to a new location. Click on the following link: https://facebook360.fb.com/learn/ Then scroll down to "360 Photos; Share an immersive view of your world" and click "Learn More" to see the video.

frames 135 and 149 were selected from the video[14] illustrated in **Figure 5** and are used to depict the infringement.




**Figure 6. A portable unit …**

71. "*A **portable unit** comprising:*"In **Figure 6**, frame 135 presents the**portable unit**.




**Figure 7. …a first portion of astat...**

72. "***a first portion** of **a stationary background image***" In **Figure 7**, the **stationary background image** is indicated by white dashed box as highlighted by the white arrows in frame 135. A **first portion** is a portion of the **stationary background image**.

[14]Frame 135 and frame 149 were selected from Facebook's video using Blender (a free and open source 3D creation suite). The frames were extracted from video retrieved from Facebook's site on 10/8/19; the video can also be accessed directly by clicking: https://s0.wp.com/wp-content/themes/vip/fbspherical/media/360-panorama-loop-v2.mp4if clicking fails, copy and paste this link into a browser.




**Figure 8. …displayed on a screen ...**

73. “*displayed on a* ***screen*** *of the* ***portable unit****;*” In **Figure 8**, the **first portion** is displayed on the **screen** of the portable unit.




**Figure 9. … a first image and a sec...**

74. “*a* ***first image*** *and a* ***second image*** *located in the* ***stationary background image;***” Both **first image** and **second image** are within the white **stationary background image** section(See **Figure 9)**.




**Figure 10. …the second image in the stat…**

75. “*the **second image** in the **stationary background image** displaced from the first image in the stationary background image by a **directional distance**;*” Comparing Frames 135 and 149 in **Figure 10**, the **directional distance** includes the distance and direction between the **first image** and the **second image**.




**Figure 11. …the first image in the first ...**

76. “*the **first image** in the **first portion** of the **stationary background image** displayed on the **screen** of the **portable unit**, wherein*” In **Figure 11**, the **first image** is visible

on the **screen** of the portable unit.




**Figure 12. …the portable unit is mov…**

77. “*the **portable unit** is **moved in at least one of the orientations** of the **directional distance** to display on the **screen** of the **portable unit** the **second image** located in a **second portion** of the stationary background image.*” In **Figure 12**, by comparing slides 135 and 149, the **portable unit** moved in at least one of the **orientations** of the **directional distance** across the **stationary background image** between slide 135 and slide 149. Doing so caused the **second image** to be displayed on the **screen** of the **portable unit**.

78. **Exhibit 6** presents a claim chart comparing the Exemplary ‘131 Patent Claims to *Facebook 360*. As set forth in the claim chart, *Facebook 360* practices the technology claimed by the ‘131 Patent. Accordingly, *Facebook 360* being incorporated in these charts satisfies all elements of the Exemplary ‘131 Patent Claims.

79. **Induced Infringement**. Defendant actively, knowingly, and intentionally has

been and continues to induce infringement of the ‘131 Patent, literally or by the doctrine of equivalence, by offering products and services to their users for use in end-user products in a manner that infringes one or more claims of the ‘131 Patent. For example, Facebook induces users to commit patent infringement by providing on its website page[15]a list of 14 different 360 Cameras that can be used with Facebook’s product and service *Facebook 360*. These 360 Cameras comprise: Panono, RICOH THETAS, SP360 4K, Z CAMS1, 360FLY 4K Pro, VIRB360, GiropticIO, Insta360 Air, Insta360 Nano, Insta360 Pro, ION360 U, LG 360 CAM(R105), MOTO 360 Camera, and Nokia Ozo.

80. **Contributory Infringement**. Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own user’ infringement of the ‘131Patent, literally or by the doctrine of equivalence, by offering products or services to their users for use in end-user products in a manner that infringes one or more claims of the ‘131Patent. Facebook contributes to users committing patent infringement by providing on its website page ‘facebook360.fb.com/learn/’ a list of 14 different 360 Cameras that can be used with Facebook’s product and service called *Facebook 360* (see above).

81. **Exhibit 6** presents *Facebook 360* practicing the technology claimed by the ‘131 Patent. Accordingly, *Facebook 360* being incorporated in the claim chart satisfies all elements of the Exemplary ‘131 Patent Claims.

82. Gabara therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 6**.

[15]https://facebook360.fb.com/learn/ Then scroll down to section “360 Cameras” over halfway down the page.

## COUNT 2: '*FACEBOOK 360*' INFRINGEMENT OF THE '545 PATENT IN THE PATENTS-IN-SUIT

83. Gabara re-alleges and incorporates by reference the allegations of the paragraphs 1-64 of this Complaint as though fully set forth herein.

84. **Direct Infringement**. Defendant knowingly and actively aided and abetted the direct infringement of one or more claims of the '545 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, that infringe at least exemplary **claims 1-22** of the '545 Patent (the " '545 Patent Claims") literally or by the doctrine of equivalence. *Facebook 360* when used on portable units directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the District of Southern New York, and otherwise purposefully directs infringing activities to this District in connection with its products and services.

85. On information and belief, numerous other services that Facebook offers, such as, Instagram, WhatsApp, News Feed, Facebook Live, Video, Instant Articles, Branded Content, Messenger, Today in Availability, Pages, Audience Network, Ad Breaks, and Ads on Facebook, also infringe the claims of the '545 Patent and have been made, used, sold, imported, and offered for sale by Defendant and/or its users when used with *Facebook 360*.

86. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '545 Patent. On information and belief, Defendant has also continued to distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '545 Patent. Thus, on information and belief, Defendant is directly infringing, contributing to and/or inducing the infringement of the '545 Patent.

87. Defendant infringes **claim 1** of the '545 patent, as presented below. Facebook has posted a repeating video that the Plaintiff has used to demonstrate the infringement of Plaintiff's Patents-in-Suit. One of the starting frames of the posted video is illustrated in **Figure 13**. This video continuously repeats at the top of the webpage.[16]




**Figure 13. The opening of the *Facebook 360* Photos 'video' comprising frames 133 and 174 starts with this view.**

88. In the following description, the claim elements are recited in italics, while the frames 133 and 174 were selected from the video[17] illustrated in **Figure 13** and are used to depict the infringement.




**Figure 14. A portable unit …**

89. "*A **portable unit** comprising:*"In **Figure 14**,the image of frame 133 presents the

16This video was initially posted by Facebook on the top of one of their Facebook 360 website pages, but that has changed to a new location. Click on the following link: https://facebook360.fb.com/learn/ Then scroll down to "360 Photos" and click "Learn More" to see the same video.
[17]Frame 133 and frame 174 were selected from Facebook's video using Blender (a free and open source 3D creation suite). The frames were extracted from Facebook's site on 10/20/19; the video can also be accessed directly by clicking: https://s0.wp.com/wp-content/themes/vip/fbspherical/media/360-panorama-loop-v2.mp4

**portable unit**.




**Figure 15. …a background image of a stat...**

90. "***a background image of a stationary map at a given scale;***" In **Figure 15**, frame 133 illustrates the **background image** indicated by the white dashed box. The stationary map is indicated by the aqua arrows indicating the immobile corners of the background image. The **background image** is at a **given scale**.




**Figure 16. …a second location in the back...**

91. "*a **second location** in the **background image** displaced from a **first location** in the **background image** by a **known vector**;*" In **Figure 16**, the frame 174 shows the **portable unit** in a **second location**. The **second location** is within the **background image**. The **first location** indicates where the **portable unit** was in frame 133. Note that the **second location** is displaced from the **first location** by a **known vector**.




**Figure 17. … an image display...**

92. "*an* ***image*** *displayed at the given scale on a* ***screen*** *of the* ***portable unit*** *and the* ***background image*** *at the given* ***scale*** *are matched and remains superimposed over one another;*" The **image** presented on the **screen** of the **portable unit** matches and is superimposed over the **background image** (See **Figure 17**). The **scale** of the **image** matches the **scale** of the **background image**.




**Figure 18. …a diagonal of the screen le…**

93. "*a* ***diagonal*** *of the* ***screen*** *less than a distance of the* ***known vector****; and*" The **diagonal** of the **screen** is less than the distance of the **known vector** between the **first location** and the **second location** as shown in **Figure 18**.




**Figure 19. …only the first location in the back...**

94. "*only the **first location** in the **background image** displayed on the **screen** at the known scale, wherein*" In **Figure 19**, the portion of the **background image** corresponding to the **first location** is displayed on the **screen** and is visible on the **screen** in a one-to-one **scale**.




**Figure 20. …the portable unit is mov...**

95. "*the* ***portable unit*** *is moved along the known vector until the* ***image*** *containing the* ***second location*** *is displayed on the* ***screen***." In **Figure 20**, by comparing slides 133 and 174, the **portable unit** moved along the **known vector** across the **background image** between these two slides. Doing so caused the **second location** to be displayed on the **screen** of the **portable unit**.

96. **Exhibit7** presents a claim chart comparing the Exemplary '545 Patent Claims to *Facebook 360*. As set forth in the claim chart, *Facebook 360* practices the technology claimed by the '545 Patent. Accordingly, *Facebook 360* being incorporated in these charts satisfies all elements of the Exemplary '545 Patent Claims.

97. **Induced Infringement**. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '545 Patent, literally or by the doctrine of equivalence, by offering products and services to their users for use in end-user products in a manner that infringes one or more claims of the '545 Patent. For example, Facebook induces users to commit patent infringement by providing on its website page[18] a list of 14 different 360 Cameras that can be used with Facebook's product and service *Facebook 360*. These 360 Cameras comprise: Panono, RICOH THETAS, SP360 4K, Z CAMS1, 360FLY 4K Pro, VIRB360, GiropticIO, Insta360 Air, Insta360 Nano, Insta360 Pro, ION360 U, LG 360 CAM(R105), MOTO 360 Camera, and Nokia Ozo.

98. **Contributory Infringement**. Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own user' infringement of the '545Patent, literally or by the doctrine of equivalence, by offering products or services to their users for use in end-user products in a manner that infringes one or more claims of the '545 Patent. Facebook contributes to users committing patent infringement by providing on its website page 'facebook360.fb.com/learn/' a list of 14 different 360 Cameras that can be used with

---

[18] https://facebook360.fb.com/learn/ Then scroll down to section "360 Cameras" over halfway down the page.

Facebook's product and service *Facebook 360* (see above).

99. **Exhibit 7** presents *Facebook 360* practicing the technology claimed by the '545 Patent. Accordingly, *Facebook 360* being incorporated in the claim chart satisfies all elements of the Exemplary '545 Patent Claims.

100. Gabara therefore incorporates by reference in its allegations herein the claim chart of **Exhibit7**.

101. Gabara is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: '*FACEBOOK 360*' INFRINGEMENT OF THE '698 PATENT IN THE PATENTS-IN-SUIT

102. Gabara re-alleges and incorporates by reference the allegations of the paragraphs 1-64 of this Complaint as though fully set forth herein.

103. **Direct Infringement**. Defendant knowingly and actively aided and abetted the direct infringement of one or more claims of the '698Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, that infringe at least exemplary **claims 1-20** of the '698 Patent (the " '698 Patent Claims") literally or by the doctrine of equivalence. *Facebook 360* when used on portable units directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the District of Southern New York, and otherwise purposefully directs infringing activities to this District in connection with its products and services.

104. On information and belief, numerous other services that Facebook offers, such as, Instagram, WhatsApp, News Feed, Facebook Live, Video, Instant Articles, Branded Content, Messenger, Today in Availability, Pages, Audience Network, Ad Breaks, and Ads on Facebook, also infringe the claims of the ‘698 Patent and have been made, used, sold, imported, and offered for sale by Defendant and/or its users when used with *Facebook 360*.

105. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the ‘698 Patent. On information and belief, Defendant has also continued to distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ‘698 Patent. Thus, on information and belief, Defendant is directly infringing, contributing to and/or inducing the infringement of the ‘698 Patent.

106. Defendant infringes **claim 8** of the ‘698 patent, as presented below. Facebook has posted a repeating video that the Plaintiff has used to demonstrate the infringement of Plaintiff's Patents-in-Suit. One of the starting frames of the posted video is illustrated in **Figure 21**. This video continuously repeats at the top of the webpage.[19]




**Figure 21. Framesfrom the *Facebook 360*‘video' located at the top of the page are extracted and used to show infringement of Plaintiff's Patents-in-Suit.**

107. In the following description, the claim elements are recited in italics, while

19The video was previously shown at the top of a Facebook website page ‘facebook360.fb.com.' Now the video has been replaced by a still image and I cannot currently locate an equivalent website location. However, this video by Facebook can be accessed directly by clicking: https://s0.wp.com/wp-content/themes/vip/fbspherical/media/home_bg_video_720.mp4

various frames selected from the video[20] illustrated in **Figure 21** and are used to describe the infringement. Several frames from the previous video[21] are also used to describe the infringement.




**Figure 22. A portable unit …**

108. "*A **portable unit** comprising:*"In **Figure 22**, frame 227 presents the **portable unit**.




**Figure 23. …a three dimensional image of a stat...**

109. "*a **three dimensional image** of a **stationary map** coupled to a **memory** containing an **object;***" In **Figure 23**, the **three dimensional image** contains the **object**, where the **object** comprises the bridge, the water, the sky, the land, etc. The **stationary map** shown on

[20]The video can be accessed directly at: https://s0.wp.com/wp-content/themes/vip/fbspherical/media/home_bg_video_720.mp4
[21]Frames 90, 109, and frame 132 were selected from Facebook's video using Blender (a free and open source 3D creation suite). The frames were extracted from Facebook's site on 10/20/19 using the link in footnote 18.

the **screen** is coupled to a **memory**, as taught by Facebook (see inset), where "capturing" would require **memory** to perform this operation.




**Figure 24. …a screen displays a two-dim...**

110. "*a **screen** displays a **two-dimensional cross-section** of the **object** in a **plane** containing a **first axis** and a **second axis**, wherein the **second axis** is **perpendicular** to the first axis and.*" In **Figure 24**, the **two-dimensional cross-sectional** of the object is displayed on the the **plane** of the **screen**. The **first axis** and the **second axis** are illustrated in the plane and are **perpendicular** to each other[22].




**Figure 25. …intersects at a refer...**

111. "*intersects at a **reference point**;*" The **reference point** is where the Facebook

[22] The frames 227, 234, 234, 425, 437, and 450 used in **Figure 24** through **Figure 29** were selected from the video accessed directly by clicking: https://s0.wp.com/wp-content/themes/vip/fbspherical/media/home_bg_video_720.mp4

user in Frame 227 starts the feature *Facebook 360* running (See **Figure 25**). Shortly thereafter (7 frames later, see Frame 233 and 234) the **two-dimensional cross-section** containing the **first axis** and the **second axis** are established at or near this **reference point**.




**Figure 26. …a third axis perpend…**

112. "*a **third axis** perpendicularly intersects the **plane** at the reference point;*" In **Figure 26**, the **third axis** is shown perpendicular to the **plane**.




**Figure 27. …a microprocessor coupled to an...**

113. "*a **microprocessor** coupled to an **inertial guidance system** provides **movement data**;*" In **Figure 27**, as the portable unit is moved to the left (Frame 425 -> Frame -> 437 -> Frame 450), new portions of the **stationary map** are presented on the screen. Facebook teaches in their video (via Frames 425 through 450) that as the **portable unit** is moved, new portions of a **stationary map** are exposed on the **screen**. On information and belief, these new portions of the **stationary map** this **portable unit** uses **an inertial guidance system (three-axis gyro**

**and/or an accelerometer)** together with a **processor** or equivalent to provide **movement data.**




**Figure 28. …the microprocessor config...**

114. "*the **microprocessor** configured to calculate a **vector** along a path in any direction, from the **reference point**; and*" In **Figure 28**, Facebook requires that the **portable units** used for *Facebook 360*needs to have minimal requirements in terms of sensor capability. Facebook[23]teaches that Facebook 360 must meet a minimum specification for the portable unit to operate. The iOS version must be greater than or equal to version 5S[24], and the Android version requires a version 4.4 or greater[25].Both versions of smartphones offer an **inertial guidance system** comprising at least a **three-axis gyro** and **accelerometer**.

115. On information and belief, these sensors are used to calculate the **vector** based on the **reference point**.




**Figure 29. ...the screen of the por...**

116. "*the **screen** of the portable unit displays **an image of a new two-dimensional***

[23]This is the equivalent link to the one Facebook used earlier: https://facebook360.fb.com/learn Scroll down, click the tab "FAQ", click "getting to know Facebook 360."Facebook has tested Android phones and Apple products; note that Android's hardware devices (phones) and iPhones must be made in 2012 or later to see Facebook's 360 Videos.
[24]https://en.wikipedia.org/wiki/IPhone Scroll down to iPhone 5 (released 9/21/2012).
[25]https://en.wikipedia.org/wiki/Android_version_history Scroll down to Jelly Bean (released 7/9/2012).

***cross-section of the object** corresponding to the **vector**."* In **Figure 29**, **new two-dimensional cross-section** images of the **object** are displayed on the **screen** as illustrated in **Figure 29**.

117. **Exhibit 8** presents a claim chart comparing the Exemplary '698 Patent Claims to *Facebook 360*. As set forth in the claim chart, *Facebook 360* practices the technology claimed by the '698 Patent. Accordingly, *Facebook 360* being incorporated in these charts satisfies all elements of the Exemplary '698 Patent Claims.

118. **Induced Infringement**. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '698 Patent, literally or by the doctrine of equivalence, by offering products and services to their users for use in end-user products in a manner that infringes one or more claims of the '698 Patent. For example, Facebook induces users to commit patent infringement by providing on its website page[26] a list of 14 different 360 Cameras that can be used with Facebook's product and service *Facebook 360*. These 360 Cameras comprise: Panono, RICOH THETAS, SP360 4K, Z CAMS1, 360FLY 4K Pro, VIRB360, GiropticIO, Insta360 Air, Insta360 Nano, Insta360 Pro, ION360 U, LG 360 CAM(R105), MOTO 360 Camera, and Nokia Ozo.

119. **Contributory Infringement**. Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own user' infringement of the '698Patent, literally or by the doctrine of equivalence, by offering products or services to their users for use in end-user products in a manner that infringes one or more claims of the '698 Patent. Facebook contributes to users committing patent infringement by providing on its website page 'facebook360.fb.com/learn/' a list of 14 different 360 Cameras that can be used with Facebook's product and service *Facebook 360* (see above).

120. **Exhibit 8** presents *Facebook 360* practicing the technology claimed by the '698Patent. Accordingly, *Facebook 360* being incorporated in the claim chart satisfies all

[26] https://facebook360.fb.com/learn/ Then scroll down to section "360 Cameras" over halfway down the page.

elements of the Exemplary ‘698 Patent Claims.

121. Gabara therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 8**.

122. Gabara is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 4: ‘*FACEBOOK 360*’ INFRINGEMENT OF THE ‘400 PATENT IN THE PATENTS-IN-SUIT

123. Gabara re-alleges and incorporates by reference the allegations of the paragraphs 1-64 of this Complaint as though fully set forth herein.

124. **Direct Infringement**. Defendant knowingly and actively aided and abetted the direct infringement of one or more claims of the ‘400Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, that infringe at least exemplary **claims 1-21** of the ‘400 Patent (the " ‘400 Patent Claims") literally or by the doctrine of equivalence. *Facebook 360* when used on portable units directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the District of Southern New York, and otherwise purposefully directs infringing activities to this District in connection with its products and services.

125. On information and belief, numerous other services that Facebook offers, such as, Instagram, WhatsApp, News Feed, Facebook Live, Video, Instant Articles, Branded Content, Messenger, Today in Availability, Pages, Audience Network, Ad Breaks, and Ads on Facebook, also infringe the claims of the ‘400 Patent and have been made, used, sold, imported, and offered for sale by Defendant and/or its users when used with *Facebook 360*.

126. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '400 Patent. On information and belief, Defendant has also continued to distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '400 Patent. Thus, on information and belief, Defendant is directly infringing, contributing to and/or inducing the infringement of the '400 Patent.

127. Defendant infringes **claim 1** of the '400 patent, as presented below. Facebook has posted a repeating video that the Plaintiff has used to demonstrate the infringement of Plaintiff's Patents-in-Suit. One of the starting frames of the posted video is illustrated in **Figure 30**. This video continuously repeats at the top of the webpage.[27]




**Figure 30. Framesfrom the *Facebook 360*'video' located at the top of the page are extracted and used to show infringement of Plaintiff's Patents-in-Suit.**

128. In the following description, the claim elements are recited in italics, while the frames 230, 234, 388, 398, 430, 435, 440, and 445 were selected from the video[28] illustrated in **Figure 30** and are used to present the infringement.

27The video can be accessed directly by clicking: https://s0.wp.com/wp-content/themes/vip/fbspherical/media/home_bg_video_720.mp4

28Frames 230, 234, 388, 398, 430, 435, 440, and 445 selected from the video using Blender (a free and open source 3D creation suite). The frames were extracted from Facebook's site on 10/20/19 using the link in footnote 25.




**Figure 31. A portable unit …**

129. "*A **method of moving** a **portable unit***" In **Figure 31**, frame 430 dipicts the **portable unit**. Note the position of the Window molding.




**Figure 32. …a background image of a stat...**

130. "***to search for a new location comprising the steps of:***" In **Figure 32**, frame 440 illustrates a **new location** after the **portable unit** had been **moved**. Note the new position of the Window Molding in the background.




**Figure 33. …a second location in the back...**

131. “*displaying an* ***image*** *on a* ***screen*** *of the* ***portable unit*** *matched and superimposed to a corresponding* ***portion of a background image*** *of a* ***stationary map;***” In **Figure 33**, frame 430 presents the *image* as seen on the **screen** of the **portable unit** which also corresponds to the superimposed **background image** that is associated with the **stationary map**. The **portions** of a **background image** presented in frames 435 and 440 that are newer are coupled together (like jigsaw pieces) to the initial **image** proving a picture of the larger **stationary map**.




**Figure 34. … an image display...**

132. “*mapping a* ***first point*** *of the* ***display image*** *located in a* ***center of the screen*** *of*

*the **portable unit** to a **corresponding reference point** in the **background image** of the **stationary map**;*" In **Figure 34**, the **first point** in frame 230 is mapped to the **corresponding reference point** in frame 234. The **first point** and the **display image** (similar to that of **Figure 2**) are in the **center of the screen** of the **portable unit** as shown in frame 230.




**Figure 35. …a diagonal of the screen le…**

133. "***moving the portable unit** to display **a new portion of the background image** of the **stationary map** on the **screen**; and*" Frames 430 in **Figure 35** shows the **background image** of the **stationary map** being presented on the **screen** of the **portable unit**. As the **portable unit** is moved to the left, a **new portion of the background image** is presented on the **screen** as shown in frame 440.




**Figure 36. …only the first location in the back...**

134. "*identifying a* ***new location*** *in the* ***new portion of the background image;***" In **Figure 36**, a **new location** is illustrated by the black square in the **new portion of the background image**.




**Figure 37. …the portable unit is mov...**

135. "*determining a* ***first vector*** *between the* ***center of the screen*** *of the portable unit and the* ***new location****; and*" In **Figure 37**, a **first vector** is determined between the **center of the screen** and the **new location**.




**Figure 38. ...moving the center of ...**

136. *"moving the **center of the screen** of the portable unit to the **new location** as determined by the **first vector**."* In **Figure 38**, frame 445 illustrates the **new location** moved to the **center of the screen** as determined by the **first vector**.

137. **Exhibit9** presents a claim chart comparing the Exemplary '400 Patent Claims to *Facebook 360*. As set forth in the claim chart, *Facebook 360* practices the technology claimed by the '400 Patent. Accordingly, *Facebook 360* being incorporated in these charts satisfies all elements of the Exemplary '400 Patent Claims.

138. **Induced Infringement**. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '400 Patent, literally or by the doctrine of equivalence, by offering products and services to their users for use in end-user products in a manner that infringes one or more claims of the '400 Patent. For example, Facebook induces users to commit patent infringement by providing on its website page[29] a list of 14 different 360 Cameras that can be used with Facebook's product and service *Facebook 360*. These 360 Cameras comprise: Panono, RICOH THETAS, SP360 4K, Z CAMS1, 360FLY 4K Pro,

[29] https://facebook360.fb.com/learn/ Then scroll down to section "360 Cameras" over halfway down the page.

VIRB360, GiropticIO, Insta360 Air, Insta360 Nano, Insta360 Pro, ION360 U, LG 360 CAM(R105), MOTO 360 Camera, and Nokia Ozo.

139. **Contributory Infringement**. Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own user' infringement of the '400Patent, literally or by the doctrine of equivalence, by offering products or services to their users for use in end-user products in a manner that infringes one or more claims of the '400 Patent. Facebook contributes to users committing patent infringement by providing on its website page 'facebook360.fb.com/learn/' a list of 14 different 360 Cameras that can be used with Facebook's product and service *Facebook 360* (see above).

140. **Exhibit 9** presents *Facebook 360* practicing the technology claimed by the '400Patent. Accordingly, *Facebook 360* being incorporated in the claim chart satisfies all elements of the Exemplary '400 Patent Claims.

141. Gabara therefore incorporates by reference in its allegations herein the claim chart of **Exhibit9**.

142. Gabara is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 5: '*3D PHOTOS*' INFRINGEMENT OF THE '131 PATENT IN THE PATENTS-IN-SUIT

143. Gabara re-alleges and incorporates by reference the allegations of the paragraphs 1-64 of this Complaint as though fully set forth herein.

144. **Direct Infringement**. Defendant knowingly and actively aided and abetted the

direct infringement of one or more claims of the '131 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, that infringe at least exemplary **claims 1-21** of the '131 Patent (the " '131 Patent Claims") literally or by the doctrine of equivalence. *3D photos* when used on portable units directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the District of Southern New York, and otherwise purposefully directs infringing activities to this District in connection with its products and services.

145. On information and belief, numerous other services that Facebook offers, such as, Instagram, WhatsApp, News Feed, Facebook Live, Video, Instant Articles, Branded Content, Messenger, Today in Availability, Pages, Audience Network, Ad Breaks, and Ads on Facebook, also infringe the claims of the '131 Patent and have been made, used, sold, imported, and offered for sale by Defendant and/or its users when used with *3D photos*.

146. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '131 Patent. On information and belief, Defendant has also continued to distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '131 Patent. Thus, on information and belief, Defendant is directly infringing, contributing to and/or inducing the infringement of the '131 Patent.

147. Defendant infringes **claim 8** of the '131 patent, as presented below. Facebook has posted a clickable video that the Plaintiff has used to demonstrate the infringement of Plaintiff's Patents-in-Suit. The header of the posted video is illustrated in **Figure 39**. The video is found after scrolling down Facebook's webpage[30] and looking for the video header named

[30]Access to this video has changed. Access can be gained by clicking https://facebook360.fb.com/blog; Then click on blog entitled "3D Photos Now Rolling out on Facebook and in VR". See the second video entitled "How to Create 2D Photos."

"**How to Create *3D Photos***" as illustrated in **Figure 39**.




**Figure 39. The header of the *3DPhotos*clickable 'video' comprising the frames selected using Microsoft's 'Snipping Tool.'**

148. In the following description, the claim elements are recited in italics, while the frames were selected from the video[31] illustrated in **Figure 39** and are used to depict the infringement.




**Figure 40. A portable unit …**

149. "*A **portable unit** comprising:*"In **Figure 40**, the frame 20-8 presents the **portable unit**.

[31]Frames were selected from the video using Microsoft's 'Snipping Tool' as the "mp4" source of the video could not be located. The 'Frame 20-8', for example, represents a snip of the image taken between 20 and 21 seconds into the video. The frames were extracted from Facebook's site on 11/1/19; however, the new location of the video can be accessed by clicking: https://facebook360.fb.com/blog ; Then click on blog entitled "3D Photos Now Rolling out on Facebook and in VR". Play second video entitled "How to Create 2D Photos."




**Figure 41. …a first portion of astat...**

150. "***a first portion** of a **stationary background image***" In **Figure 41**, frame 36-1 shows the **first portion** which is a portion of the **stationary background image**. The **stationary background image** is a *composite* of the image of frame 36-1 combined with the exposed non-overlapping images of the two frames 36-8 and 37-4.




**Figure 42. …displayed on a screen ...**

151. "*displayed on a **screen** of the **portable unit**;*" In **Figure 42**, frame 20-8 presents the **first portion** being currently displayed on the **screen** of the **portable unit**.




**Figure 43. … a first image and a sec...**

152. "*a **first image** and a **second image** located in the **stationary background image**;*" The **first image** and the **second image** are within the green **stationary background image**(See **Figure 43**). The first image is currently visible on the screen; the second image is not visible on the screen.




**Figure 44. …the second image in the stat…**

153. "*the **second image** in the **stationary background image** displaced from the first image in the stationary background image by a **directional distance**;*" Comparing Frames 36-1 and 36-8 in **Figure 44**, the **directional distance** comprises a distance and/or a direction (angle) between the **first image** and the **second image**.




**Figure 45. ...the first image in ...**

154. "*the* ***first image*** *in the* ***first portion*** *of the* ***stationary background image*** *displayed on the* ***screen*** *of the* ***portable unit****, wherein*" To simplify the diagram, the **stationary background image** is assumed to only include the image overlay of frame 36-8 (the image corresponding to frame 37-4 is not represented). Frame 36-1 in **Figure 45** depicts the **first image** in the **first portion** of the **stationary background image** that is displayed on the **screen** of the **portable unit**.




**Figure 46. ...the second image in the stat...**

155. "*the* ***portable unit*** *is* ***moved in at least one of the orientations*** *of the* ***directional distance*** *to display on the* ***screen*** *of the* ***portable unit*** *the* ***second image*** *located in a* ***second portion*** *of the stationary background image.*" By comparing frame 36-8 in **Figure 46** with

frame 36-1 in **Figure 45**, as the **portable unit** is **moved in at least one of the orientations** (in an angular rotation), the **screen** of the **portable unit** will display the **second portion** that contains the **second image**.

156. **Exhibit 10** presents a claim chart comparing the Exemplary '131 Patent Claims to *3D photos*. As set forth in the claim chart, *3D photos* practices the technology claimed by the '131 Patent. Accordingly, *3D photos* being incorporated in these charts satisfies all elements of the Exemplary '131 Patent Claims.

157. **Induced Infringement**. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '131 Patent, literally or by the doctrine of equivalence, by offering products and services to their users for use in end-user products in a manner that infringes one or more claims of the '131 Patent. For example, Facebook induces users to commit patent infringement by providing on its website page[32] a list of 14 different 360 Cameras that can be used with Facebook's product and service *3D photos*. These 360 Cameras comprise: Panono, RICOH THETAS, SP360 4K, Z CAMS1, 360FLY 4K Pro, VIRB360, GiropticIO, Insta360 Air, Insta360 Nano, Insta360 Pro, ION360 U, LG 360 CAM(R105), MOTO 360 Camera, and Nokia Ozo.

158. **Contributory Infringement**. Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own user' infringement of the '131Patent, literally or by the doctrine of equivalence, by offering products or services to their users for use in end-user products in a manner that infringes one or more claims of the '131 Patent. Facebook contributes to users committing patent infringement by providing on its website page 'facebook360.fb.com/learn/' a list of 14 different 360 Cameras that can be used with Facebook's product and service *3D photos*(see above).

[32]https://facebook360.fb.com/learn Then scroll down to section "360 Cameras" over halfway down the page.

159. **Exhibit 10** presents *3D photos* practicing the technology claimed by the ‘131 Patent. Accordingly, *3D photos* being incorporated in the claim chart satisfies all elements of the Exemplary ‘131 Patent Claims.

160. Gabara therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 10**.

## COUNT 6: ‘*WORKPLACE BY FACEBOOK*’ INFRINGEMENT OF THE ‘348 PATENT IN THE PATENTS-IN-SUIT

161. Gabara re-alleges and incorporates by reference the allegations of the paragraphs 1-64 of this Complaint as though fully set forth herein.

162. **Direct Infringement**. Defendant knowingly and actively aided and abetted the direct infringement of one or more claims of the ‘348 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, that infringe at least exemplary **claims 1-19** of the ‘348 Patent (the " ‘348 Patent Claims") literally or by the doctrine of equivalence. ‘*Workplace by Facebook*’ directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the District of Southern New York, and otherwise purposefully directs infringing activities to this District in connection with its products and services.

163. On information and belief, numerous other services that *Workplace by Facebook* offers comprises the following: Instant Messaging, Lead generation in Messenger, Auto-Translate, Collaboration Spaces, Org Chart, News Feed, Live Video, Video Conferencing and

Integrations, also infringe the claims of the '348 Patent and have been made, used, sold, imported, and offered for sale by Defendant and/or its users when used with *Workplace by Facebook*.

164. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '348 Patent. On information and belief, Defendant has also continued to distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '348 Patent. Thus, on information and belief, Defendant is directly infringing, contributing to and/or inducing the infringement of the '348 Patent.

165. Defendant infringes **claim 7** of the '348 patent, as presented below. Facebook has virtual world websites for '*Workplace by Facebook*'[33], for 'Facebook for developers'[34] and for 'wit.ai'[35] that the Plaintiff has used to find evidence in the infringement of Plaintiff's Patents-in-Suit. Microsoft's snipping tool was used to capture the images presented on these three websites. The top of the Facebook's webpage '*Workplace by Facebook*' is illustrated in **Figure 47**.




**Figure 47. The front page image of Facebook's virtual page of '*Workplace by Facebook*[36]' that is presented to new visitors.**

166. In the following description, the claim elements are recited in italics, while the evidence was selected from the three previously mentioned websites and are used to describe

[33] https://www.workplace.com/
[34] https://developers.facebook.com/docs/
[35] http://wit.ai
[36] https://www.workplace.com/

and depict the infringement.




**Figure 48. An intelligent con…**

167. "*An **intelligent conversation system augmenting***," In **Figure 48**, the term '***bots automatically chat with others***' is substantially equivalent to '**intelligentconversation system**.' '**Bots automatically chat'** *is substantially* equivalent *to* '**augmenting.**'




**Figure 49. …a conversation between …**

168. "*a **conversation between two or more individuals** comprising:*" In **Figure 49**, in the Bot-to-Group section, a '**multi-person group chat threads**' *is substantially* equivalent *to* '**conversation between two or more individuals**.'




| Note: | |
|---|---|
| **'Natural Language Processing'** | *is substantially equivalent to* **determination circuit** |
| **'parse'** | *is substantially equivalent to* **segregate** |
| **'input'** | *is substantially equivalent to* **conversation** |
| **'structure data'** | *is substantially equivalent to* **topics** |
| **'extract'** | *is substantially equivalent to* **extract** |
| **'information'** | *is substantially equivalent to* **search parameters** |

**Figure 50. …a determination cir …**

169. "*a **determination circuit** configured to **segregate** the **conversation** into **topics** and to **extract search parameters** from the **topics**, wherein*" In **Figure 50**, *wit.ai's* **Natural Language Processing** *is substantially* equivalent *to* '**determination circuit**'. The term '**parse text or speech'** *is substantially* equivalent *to* '**segregate the conversaton into topics**'.The term '**into**' *is substantially* equivalent *to* '**extract**'. The term '**structure data**' *is substantially* equivalent *to* '**search parameters**'.

Example request

```
$ curl -XPOST 'https://api.wit.ai/entities/favorite_city/values?v=2017030
7' \
  -H "Authorization: Bearer $TOKEN" \
  -H "Content-Type: application/json" \
  -d '{"value":"Paris","expressions":["Paris", "City of Light", "Capital of
France"],"metadata":"CITY_1234"}'
```

Example text response

```
A value already exist with this name 'Paris' for this entity 'favorite_cit
y'
```

| Note: | |
|---|---|
| **'Paris, City of Light,…'** | *is substantially equivalent to* **search parameters** |
| **'$ curl –XPOST 'http…'** | *is substantially equivalent to* **search engine** |

The **search results** from the **curl operation** are used to generate the "Example text response."
**Response**: "A value already exists with this name 'Paris' for this entity 'favorite_city"

**Figure 51. …the search parameters …**

170. "*the **search parameters** are sent to a **search engine** and **search results***

*corresponding to the **search parameters** are received from the **search engine**;"* In **Figure 51**, the words, '**Paris, City of Light, Capitol of France**' are substantially equivalent to the **search parameters**, the '**curl –XPOST http://api.wit.ai/entites/favorite...**'is substantially equivalent to the **search engine**, and the '**Example test response'** is substantially equivalent to the **search results**.




**Figure 52. ...a memory configured ...**

171. "*a **memory** configured to store the **search results**;* in **Figure 52** shows potential threats that may develop in Facebook's virtual memory world. *Workplace by Facebook* uses several layers of cache owned by Facebook. Memory is used between block elements to hold data for the next calculation.




**Figure 53. ...a finite state machine...**

172. "*a **finite state machine** configured to **sequence through the search results** to*

*generate **recall topics**.*" Looking at **Figure 53**, '**Bots**' are substantially equivalent to the **finite state machine**, '**manage**' is substantially equivalent to **sequence through**, '**chat discussions**' are substantially equivalent to **recall topics**, and '**specific topics**' is substantially equivalent to **search results**.

173. **Exhibit 11** presents a claim chart comparing the Exemplary '348 Patent Claims to *Workplace by Facebook*. As set forth in the claim chart, *Workplace by Facebook* practices the technology claimed by the '348 Patent. Accordingly, *Workplace by Facebook* being incorporated in these charts satisfies all elements of the Exemplary '348 Patent Claims.

174. **Induced Infringement**. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '348 Patent, literally or by the doctrine of equivalence, by offering products and services to their users for use in end-user products in a manner that infringes one or more claims of the '348 Patent. For example, Facebook induces users to commit patent infringement by providing *Workplace by Facebook* on its website[37]to some of its customers: PricewaterhouseCoopers, Okta, Inc., Box, Inc.[38], Walmart, Air Asia, Booking.com, Campbell's, Heineken, Spotify, Domino's, Starbucks, and Algar Telecom[39].

175. **Contributory Infringement**. Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own user' infringement of the '348Patent, literally or by the doctrine of equivalence, by offering products or services to their users for use in end-user products in a manner that infringes one or more claims of the '348 Patent. Facebook contributes to users committing patent infringement by providing on its website page 'workplace.com' the ability of Facebook's customers to access the service of *Workplace by Facebook*.

---

[37]https://www.workplace.com/
[38]https://www.facebook.com/workplace/partners
[39]This is the equivalent link to the one Facebook used earlier: https://www.workplace.com/partners Then scroll down to section "The best partners any business could ask for."

176. **Exhibit 11** presents *Workplace by Facebook* practicing the technology claimed by the ‘348 Patent. Accordingly, *Workplace by Facebook* being incorporated in the claim chart satisfies all elements of the Exemplary ‘348 Patent Claims.

177. Gabara therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 11**.

## JURY DEMAND

178. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Gabara respectfully requests the following relief:

A. an entry of judgment holding that Facebook infringed, is infringing, induced, and is inducing infringement of the Patents-in-Suit;

B. a preliminary and permanent injunction against Facebook and its officers, employees, agents, servants, attorneys, subsidiaries, affiliates, divisions, directors, from infringing and inducing infringement of the Patents-in-Suit, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C. an award to Gabara of such past damages, not less than a reasonable royalty, as it shall prove at trial against Facebook that is adequate to fully compensate Gabara for Facebook’s infringement of the Patents-in-Suit;

D. a determination that Facebook’s infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

E. a finding that this case is “exceptional” and an award to Gabara of its costs and reasonable

attorneys' fees, as provided by 35 U.S.C. § 285;

F. an accounting of all infringing sales and revenues, together with post-judgment interest and pre-judgment interest from the first date of infringement of the Patents-in-Suit; and

G. such further and other relief as the Court may deem proper and just.

Dated: February 14, 2020

Respectfully submitted by:

Thaddeus Gabara

By: Thaddeus Gabara
P.O. Box 512
New Providence, NJ 07974